G. & D. Associates, Inc., Appellant, v. Samuel M. Palmer, Jr., Defendant, and Howard Ferris, Sued Herein as " John " Farres, Respondent.— Order of the County Court of Suffolk County granting respondent's motion to vacate a notice of examination before trial reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; the examination to proceed on five days' notice. The matters upon which the examination is sought are material to the allegations of the portion of the complaint included in the record, upon which the plaintiff has the burden of proof. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Ruth Fox, as Administratrix, etc., of William H. Fox, Deceased, Respondent, v. Tice Towing Line, Inc., Appellant.— In an action for damages for the death of plaintiff's intestate, who fell from a barge and was drowned, alleged to have been caused by the negligence of defendant in the operation of its tugs in starting and proceeding to tow the barge in unfavorable weather, judgment for plaintiff reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. The appeal, in so far as it purports to bring up for review an order granting a motion to amend the complaint, is dismissed, without costs. The facts do not warrant an inference that intestate was caused to fall overboard by negligence of the second tug in proceeding. The only inference to be derived from the proof is that the decedent fell overboard in the vicinity of Bayonne Bridge which is a quarter of a mile from the commencement of the kill at Bergen Point Light and approximately a mile from the location in Newark Bay where the exchange of tugs was effected. The wind and tide were favorable at the time. Plaintiff conceded that she had noticed nothing unusual about the movement of the boat as it was towed through the kill. The boat itself was in no way damaged and there was no disturbance to its cargo or even the tarpaulin covering the cargo. One of plaintiff's witnesses testified that the tug and tow were riding on even keel and pretty good in the kill. He characterized the wind velocity as " breezy." This proof as to actual conditions must prevail over testimony of custom, seriously discredited, taken in conjunction with a weather report of wind velocity of thirty miles per hour, which may not have prevailed at the place of the accident. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.